# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| CHARLES GROVE, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 3:08 CV 299 |
| SHERIFF, ST. JOSEPH COUNTY, | ) |  |
| Respondent. | ) |  |

## OPINION and ORDER

Petitioner, Charles Grove ("Grove"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Grove's petition establishes that he was convicted on October 2, 2007, in the St. Joseph Superior Court for possession of a narcotic drug. Grove asserts that he wanted to appeal his conviction but that his attorney did not file his appeal. According to Grove's complaint, he has filed a motion for an appeal bond, which is still pending, but he has not filed a petition for post-conviction relief.

Pursuant to SECTION 2254 HABEAS CORPUS RULE 4, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and to dismiss those petitions that lack merit.

Federal statutes provide that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Failure to exhaust available state court remedies is a doctrine that is a close cousin to the doctrine of procedural default.

*See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004); *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). When a petitioner has failed to exhaust his state court remedies, a federal court has the option either to deny the petition on its merits under 28 U.S.C. § 2254(b)(2) or to dismiss the petition without prejudice. *Perruquet*, 390 F.3d at 514. An inmate who did not appeal his conviction did not exhaust his state court remedies.

Grove's petition asserts that his attorney did not file a timely appeal. However, by providing a system of post-conviction relief, Indiana has a system by which inmates may present claims that were not presented in a direct appeal. Furthermore, *Edwards v. Carpenter*, 529 U.S. 446 (2000), established that the assertion of ineffective counsel as a cause to excuse a procedural default in a 28 U.S.C. § 2254 petition is, itself, a constitutional claim that must have been raised before the state court or be procedurally defaulted. Accordingly, Grove must present his claim that his attorney failed to perfect his appeal to the state court system before he may file a petition for a writ of habeas corpus in this court.

For the foregoing reasons, this court **DISMISSES** Grove's petition without prejudice pursuant to SECTION 2254 HABEAS CORPUS RULE 4.

                                        **SO ORDERED.**

**DATED:** October 16, 2008

                                        s/ James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT